Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant,
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS RODRIGUEZ-SORTO, individual,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., GOLDEN STATE ANNEX; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT THE GEO GROUP, INC. PURSUANT TO 28 U.S.C. S1441(b); DECLARATION OF SUSAN E. COLEMAN; AND EXHIBITS**<br><br>**(Diversity)** |

PLEASE TAKE NOTICE that defendant THE GEO GROUP, INC., hereby removes, to this Court, the state court action described below:

1.      On March 18, 2025, an action was commenced in the Superior Court in the State of California, in and for the County of Kern, entitled *Alexis Rodriguez-Sorto, an individual v. The GEO Group, Inc., et al, Case No. . BCV-25-100994.*

2.      On April 14, 2025, defendant THE GEO GROUP, INC., was served with the Summons, unverified Complaint, Civil Case Cover Sheet, Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of and Case Management Conference.  A copy of the Summons and Complaint and service papers are attached hereto as Exhibit "A."

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4911-2654-7255 v1

1

DEFENDANT THE GEO GROUP, INC.'S
NOTICE OF REMOVAL, DECL. S. COLEMAN

3.     Plaintiff's Complaint alleges Negligence against GEO, based on an incident which occurred at the Golden State Annex operated by GEO in McFarland, California, within Kern County.  Plaintiff and his counsel are located in California. A true and correct copy of the court's Register of Actions for this matter is attached as Exhibit "B."

5.     This action is a civil action for which this Court has original jurisdiction on grounds of diversity pursuant to 28 U.S.C. § 1441(b), and thus it may be removed to this Court by defendant.  THE GEO GROUP, INC., is incorporated and has its principal place of business in Boca Raton, Florida in Palm Beach County. 28 U.S.C. § 1332(c).  No other defendants are named in the Complaint. Although Plaintiff lists "Golden State Annex," it is not a separate entity or company but is only a GEO-operated Facility location name. Diversity jurisdiction existed when this action was filed, and still exists now.

6.     The amount in controversy exceeds the jurisdictional amount of $75,000, as plaintiff's Complaint contends that he suffered injuries and damages, including a fractured knee, broken right arm, and head injuries, with medical expenses, pain and suffering, and general, special, actual and compensatory damages in an amount according to proof. (*See* Ex. A.)

7.     Defendant THE GEO GROUP, INC., respectfully requests the above-entitled action, now pending in the Superior Court of the State of California, in and for the County of Kern, be removed to this Court on grounds of diversity.

Dated:  May 6, 2025                        BURKE, WILLIAMS & SORENSEN, LLP

By: _____ *s/ Susan E. Coleman* _____
Susan E. Coleman
Attorneys for Defendant
THE GEO GROUP, INC.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4911-2654-7255 v1                        2        DEFENDANT THE GEO GROUP, INC.'S
NOTICE OF REMOVAL, DECL. S. COLEMAN

# EXHIBIT A

Raymond Ghermezian, Esq. (SBN 198777)
**RAYMOND GHERMEZIAN,**
**PROFESSIONAL LAW CORPORATION**
8383 Wilshire Boulevard, Suite 1030
Beverly Hills, CA 90211-2409
Telephone: (323) 900-5800
Facsimile: (323) 900-5801
Email: raymond@ghermezianlaw.com

Attorneys for Plaintiff
ALEXIS RODRIGUEZ-SORTO

ELECTRONICALLY FILED
3/18/2025 11:52 AM
Kern County Superior Court
By Alexandra Valles, Deputy

RECEIVED

APR 14 2025

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

ALEXIS RODRIGUEZ-SORTO, individual,

Plaintiffs,

vs.

THE GEO GROUP, INC.; GOLDEN STATE ANNEX; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. BCV-25-100994

**COMPLAINT FOR DAMAGES**

1. NEGLIGENCE
2. BANE ACT
3. NEGLIGENT SUPERVISION AND TRAINING OF EMPLOYEES

**DEMAND FOR JURY TRIAL**

Plaintiff ALEXIS RODRIGUEZ-SORTO files this Complaint against Defendants THE GEO GROUP, INC. ("TGG"); GOLDEN STATE ANNEX ("Golden State").

## PARTIES

1. Plaintiff ALEXIS RODRIGUEZ-SORTO is, and at all times herein mentioned was, a resident of Kern County, California.

COMPLAINT FOR DAMAGES

2. Plaintiff is informed and believes and based thereon alleges that THE GEO GROUP, INC.; GOLDEN STATE ANNEX and acting within the scope of authority granted by the United States.

3. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, THE GEO GROUP, INC.; GOLDEN STATE ANNEX.

4. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, defendant employee was the San Francisco Field Office Director and Removal Operations (ERO), an agency within the THE GEO GROUP, INC.; GOLDEN STATE ANNEX. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, defendant employee was charged with having legal custody of Mr. Rodriguez-Sorto, an ICE detainee. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, defendant employee was required to ensure that Mr. Rodriguez-Sorto was not subjected to an unreasonable risk of injury while in ICE custody. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, defendant employee was deliberately indifferent to Mr. Rodriguez-Sorto's serious health and safety needs.

5. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, defendant employee was the officer in charge of immigration detention operations at Golden State, and was Mr. Rodriguez-Sorto's legal custodian.

6. Plaintiff is informed and believes and based thereon alleges that Defendant The GEO Group, Inc. ("TGG") is a for-profit Florida corporation with its principal place of business located at 4955

Technology Way, Boca Raton, Florida 33431. Plaintiff is informed and believes and based thereon alleges that, as part of TGG's core business, it contracts with the United States to operate private immigration detention facilities.

7. Plaintiff is informed and believes and based thereon alleges that Defendant Golden State is a private immigration detention facility located in McFarland, California which TGG operates for profit. Plaintiff is informed and believes and based thereon alleges that Golden State houses ICE detainees.

8. Plaintiff is informed and believes and based thereon alleges that Minga Wofford is, and at all times mentioned herein was, the Golden State Facility Administrator (i.e., warden) and a TGG employee.

9. Plaintiff is informed and believes and based thereon alleges that defendants were responsible for overseeing the operations of TGG, including the provision of medical care to Golden State detainees.

10. Plaintiff is informed and believes and based thereon alleges that defendants were ICE officials, agents, and/or employees and were acting within the full course and scope of their agency and employment.

11. The true names and capacities, whether corporate, government, associate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time. As such, Plaintiff sues said Defendants by such fictitious names. Each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true

2

Complaint

names and capacities of these Defendants when they have been ascertained.

12. Plaintiff is informed and believes and based thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff, as herein alleged.

13. Plaintiff is informed and believes and based thereon alleges that Defendants, each of them, and DOES 1 through 10, were the agents, alter egos, employees, servants, employers, masters, principals and/or associates of the remaining defendants and each or all of them, and at all times mentioned, were acting within the purpose and scope of such agency, employment, service, partnership and/or association.

14. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

15. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 4 were officials, agents, and/or employees of the TGG, and were acting within the full course and scope of their agency and employment.

16. Plaintiff is informed and believes and based thereon alleges that DOES 5 through 10 were employees of Golden State, who failed and/or refused to take appropriate steps to ensure Mr. Rodriguez-Sorto's safety and who failed and/or refused to provide Mr.

Complaint

Rodriguez-Sorto with required medical treatment.

## GENERAL ALLEGATIONS

17. On March 20, 2023, Mr. Rodriguez-Sorto was detained at Golden State.

18. Mr. Rodriguez-Sorto had no criminal charges pending against him. Rather, he was being detained pending a hearing before an immigration judge.

19. As an immigration detainee, Mr. Rodriguez-Sorto was a civil detainee with constitutional protections which derive from the Fifth Amendment Due Process clause. Immigration detainees at Golden State, like Mr. Rodriguez-Sorto, are entitled to greater rights than persons in pretrial criminal custody or people serving criminal sentences.

20. When the government takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume responsibility for his safety and general well-being. As a result, THE GEO GROUP, INC.; GOLDEN STATE ANNEX must provide civil immigration detainees with food, clothing, shelter, medical care, and reasonable safety.

21. The Fifth Amendment's Due Process Clause prohibits punishment for someone who is not convicted of a crime.

22. Plaintiff is informed and believes and based thereon alleges that the contract between THE GEO GROUP, INC.; GOLDEN STATE ANNEX obligates to provide all necessary support to facilitate the delivery of health services at Golden State.

23. Plaintiff is informed and believes and based thereon alleges that THE GEO GROUP, INC.; GOLDEN STATE ANNEX was responsible for

4

Complaint

contracting, staffing, administering and/or providing medical services to Golden State detainees. Plaintiff is informed and believes and based thereon alleges that all THE GEO GROUP, INC.; GOLDEN STATE ANNEX officials and/or employees had a duty to facilitate and/or provide Mr. Rodriguez-Sorto with proper medical care while detained at Golden State.

24. Defendants failed to take steps to ensure Mr. Rodriguez-Sorto's reasonable safety and failed to provide Mr. Rodriguez-Sorto with required medical care.

## FACTS

25. Plaintiff is informed and believes and based thereon alleges that on March 20, 2023, Golden State Officers J. Brown and N. Bragg were charged with transporting Mr. Rodriguez-Sorto from Golden State to a scheduled medical appointment at Kern Medical Center in Bakersfield, California.

26. The officers shackled Mr. Rodriguez-Sorto and placed him into a transit van. The officers, however, failed to buckle Mr. Rodriguez-Sorto's seat belt. During the transport, Mr. Rodriguez-Sorto fell from his seat and sustained serious injuries, including a fractured knee, a broken right arm, and head injuries.

27. After Mr. Rodriguez-Sorto fell, the officers refused to lift him from the floor of the van.

28. Mr. Rodriguez-Sorto lay on the floor of the van for 45 minutes until California Highway Patrol and an ambulance arrived on the scene. The EMTs then lifted Mr. Rodriguez-Sorto from the van floor and transported him to the hospital.

29. When Mr. Rodriguez-Sorto returned to Golden State later that day, he

Complaint

requested a wheel chair. TGG's medical staff, however, refused the request, told Mr. Rodriguez-Sorto that he was fine, and gave him crutches to use.

30. Several months later, Mr. Rodriguez-Sorto slipped on a wet floor within Golden State while using the crutches. In response, TGG medical staff belatedly provided Mr. Rodriguez-Sorto with a wheelchair. TGG medical staff informed Mr. Rodriguez-Sorto that he could use the wheelchair for nine months.

31. Later, however, a TGG officer threatened Mr. Rodriguez-Sorto and took the wheelchair away, stating: "Give me the wheelchair or I'll drag you out of it." The TGG officer then forcibly took the wheelchair away from Mr. Rodriguez-Sorto.

32. Plaintiff is informed and believes and based thereon alleges that THE GEO GROUP, INC.; GOLDEN STATE ANNEX contract with ICE requires Golden State to ensure that detained people receive no lower level of onsite medical care and services based on community standards of care. THE GEO GROUP, INC.; GOLDEN STATE ANNEX must also comply with the 2011 Performance Based National Detention Standards ("PBNDS") which provide, in part: "In no event shall clinical decisions be made by non-clinicians" and "detainees will be provided medical prosthetic devices or other impairment aids, such as ... wheelchairs."

33. Though Mr. Rodriguez-Sorto required surgery for his broken right arm – including the insertion of twelves screws from his hand to his elbow, THE GEO GROUP, INC.; GOLDEN STATE ANNEX did not permit Mr. Rodriguez-Sorto to receive the surgery for eight months.

34. After Mr. Rodriguez-Sorto received the surgery, the surgeon

6

Complaint

recommended daily cleaning of the surgical site to promote healing. But THE GEO GROUP, INC.; GOLDEN STATE ANNEX's medical staff refused to clean the site for two weeks because they did not want to remove and reapply the bandage. THE GEO GROUP, INC.; GOLDEN STATE ANNEX staff also refused to provide Mr. Rodriguez-Sorto with the pain medication prescribed by the surgeon.

35. Since the Incident, Mr. Rodriguez-Sorto can no longer perform all of his daily activities with the same ability as before. Mr. Rodriguez-Sorto is in constant pain. Mr. Rodriguez-Sorto continues to experience emotional distress.

36. Plaintiff is informed and believes and based thereon alleges that defendants had a constitutional obligation to ensure that Mr. Rodriguez-Sorto was not subjected to the risk of unnecessary harm.

37. Plaintiff is informed and believes and based thereon alleges that defendants ratified the conduct of THE GEO GROUP, INC.; GOLDEN STATE ANNEX and/or the individual defendants who failed to safely transport Mr. Rodriguez-Sorto, and failed to provide for his medical needs.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
(Against ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 100 as if set forth fully herein.

39. Defendants had a duty to execute their duties faithfully and lawfully as charged with the custody and care of detainees such as Mr. Rodriguez-Sorto.

40.   Defendants had a duty to act with care and prudence to safeguard the health and safety of detainees. Defendants had a duty to act with care and prudence towards Mr. Rodriguez-Sorto and to not cause harm or injury to Plaintiff.

41.   Defendants had a duty to supervise and train their staff to promptly respond to the medical needs of detainees, like Mr. Rodriguez-Sorto.

42.   Defendants, as jailers, had a special relationship to ensure that Mr. Rodriguez-Sorto was provided adequate medical treatment.

43.   Defendants had a duty to properly train their subordinates to ensure that they could carry out their duties properly to avoid causing injury to detainees, like Mr. Rodriguez-Sorto.

44.   Defendants breached the duty owed to Mr. Rodriguez-Sorto by, *inter alia*:

   a.   failing to safely transport Mr. Rodriguez-Sorto to his medical appointment on March 20, 2023;

   b.   refusing to lift Mr. Rodriguez-Sorto from the floor of the van after he fell;

   c.   denying Mr. Rodriguez-Sorto's request for a wheel chair (and giving him crutches instead);

   d.   permitting Mr. Rodriguez-Sorto to slip on a wet floor within Golden State while using the crutches;

   e.   belatedly providing Mr. Rodriguez-Sorto with a wheelchair and then forcibly taking it away from him;

   f.   not permitting Mr. Rodriguez-Sorto to receive necessary surgery for his broken right arm for eight months;

   g.   refusing to provide daily cleaning for Mr. Rodriguez-Sorto's post-surgical wounds;

8

Complaint

    h.    refusing to provide Mr. Rodriguez-Sorto with the pain medication prescribed by the surgeon; and/or

    i.    failing to train and/or supervise subordinates.

45. Defendants' breach of the applicable standard of care caused Mr. Rodriguez-Sorto to sustain the injuries alleged herein.

46. The United States has been negligent in entering into contracts with THE GEO GROUP, INC.; GOLDEN STATE ANNEX to manage its immigration detention facilities and in monitoring THE GEO GROUP, INC.; GOLDEN STATE ANNEX obligation to comply with its contractual agreements with the United States.

47. The provision of timely health care, compliance with ICE's detention standards, and compliance with the United States Constitution are non-delegable duties.

48. The THE GEO GROUP, INC.; GOLDEN STATE ANNEX failure to meet its own non-delegable duties contributed to Mr. Rodriguez-Sorto's injuries.

49. As a direct and proximate result of Defendants' breach of their duties, Mr. Rodriguez-Sorto suffered damages.

50. The THE GEO GROUP, INC.; GOLDEN STATE ANNEX is liable under the FTCA, which permits plaintiffs to bring lawsuits against the THE GEO GROUP, INC.; GOLDEN STATE ANNEX for money damages for injury caused by the negligence of employees and/or agents.

51. As a proximate and direct result of Defendants' negligence, recklessness, and/or carelessness, Mr. Rodriguez-Sorto has sustained, and in the future is certain to sustain, disabling, serious, and permanent injuries, pain, suffering and mental anguish in connection

Complaint

therewith, all to her general damages according to proof.

52. As a further proximate and direct result of Defendants' negligence, recklessness, and/or carelessness Mr. Rodriguez-Sorto has incurred, and will in the future incur medical and sundry expenses in the examination, care and treatment of his injuries, the exact nature and extent of which are unknown to Mr. Rodriguez-Sorto at this time.

53. Mr. Rodriguez-Sorto is entitled to punitive damages against all defendants.

## SECOND CAUSE OF ACTION
## BANE ACT
### (Against ALL DEFENDANTS)

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 100 as if set forth fully herein.

55. The California Legislature declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by an individual of his/her rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation, or coercion.

56. Plaintiff is informed and believes and based thereon alleges that the THE GEO GROUP, INC.; GOLDEN STATE ANNEX is liable under the FTCA, which permits plaintiffs to bring lawsuits against the THE GEO GROUP, INC.; GOLDEN STATE ANNEX for money damages for injury caused by the wrongful acts of employees.

57. Violating the Constitution by failing to provide or facilitate medical care is not a discretionary act.

10

Complaint

58. Defendants violated Mr. Rodriguez-Sorto's rights by failing to provide for his medical care.

59. Defendants interfered with Mr. Rodriguez-Sorto's right to bodily integrity and humane treatment by the use of intimidation, coercion, and retaliation. Defendants' refusal to provide medical care was intimidating and coercive, particularly given a detainee's inability to receive medical care through another source.

60. Defendants' interference with Mr. Rodriguez-Sorto's rights was perpetrated in violation of California Civil Code section 52.1 and Mr. Rodriguez-Sorto's right to be free from denial of due process, right to bodily integrity and human treatment, and retaliatory animus under the California and Federal Constitutions.

61. Defendants' threats, intimidation, and/or coercion, as alleged herein, were not necessary or inherent to any legitimate or lawful jail or law enforcement activity.

62. Defendants' violations of duties and rights, and coercive conduct, as described herein, were volitional acts. Defendants' conduct was not accidental or merely negligent.

63. As a proximate and direct result of Defendants' conduct, Mr. Rodriguez-Sorto has sustained, and in the future is certain to sustain, disabling, serious, and permanent injuries, pain, suffering and mental anguish in connection therewith, all to his general damages according to proof.

64. As a further proximate and direct result of Defendants' conduct, Mr. Rodriguez-Sorto has incurred, and will in the future incur medical and sundry expenses in the examination, care and treatment of his injuries, the exact nature and extent of which are unknown to Mr. Rodriguez-

11

Complaint

Sorto at this time.

65. Defendants' conduct, as alleged herein, was malicious, oppressive, fraudulent and/or in reckless disregard of Mr. Rodriguez-Sorto's federally guaranteed rights. Plaintiff seeks punitive damages against Defendants to punish and deter such conduct.

## THIRD CAUSE OF ACTION
## NEGLIGENT SUPERVISION AND TRAINING OF EMPLOYEES
(Against THE GEO GROUP, INC.; GOLDEN STATE ANNEX)

66. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 100 as if set forth fully herein.

67. The conduct of THE GEO GROUP, INC.; GOLDEN STATE ANNEX employees, as alleged herein, was the direct and proximate result of THE GEO GROUP, INC.; GOLDEN STATE ANNEX failure to properly supervise and train its employees.

68. THE GEO GROUP, INC.; GOLDEN STATE ANNEX knew, or should have known, that its employees at Golden State failed in their duties to detainees, including Mr. Rodriguez-Sorto.

69. As a proximate and direct result of Defendants' conduct, Mr. Rodriguez-Sorto has sustained, and in the future is certain to sustain, disabling, serious, and permanent injuries, pain, suffering and mental anguish in connection therewith, all to his general damages according to proof.

70. As a further proximate and direct result of Defendants' conduct, Mr. Rodriguez-Sorto has incurred, and will in the future incur medical and sundry expenses in the examination, care and treatment of his injuries, the exact nature and extent of which are unknown to Mr. Rodriguez-

12

Complaint

Sorto at this time.

71. Defendants' conduct, as alleged herein, was malicious, oppressive, fraudulent and/or in reckless disregard of Mr. Rodriguez-Sorto's federally guaranteed rights. Plaintiff seeks punitive damages against THE GEO GROUP, INC.; GOLDEN STATE ANNEX to punish and deter such conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory general damages, according to proof;

2. For special damages, according to proof;

3. For loss of earnings and earning capacity, according to proof;

4. For punitive and exemplary damages against all Defendants (except the United States);

5. For attorneys' fees against all Defendants (except the United States);

6. For the costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: March 18, 2025        RAYMOND GHERMEZIAN,
                             A PROFESSIONAL LAW CORPORATION

                             By: _____
                                  Attorney for Plaintiff
                                  ALEXIS RODRIGUEZ-SORTO

13

Complaint

## JURY TRIAL DEMAND

Pursuant to Rule 38 Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution, Plaintiff demands a jury trial.

DATED: March 18, 2025          **RAYMOND GHERMEZIAN,
                                A PROFESSIONAL LAW CORPORATION**

                                By: _____
                                Attorney for Plaintiff
                                ALEXIS RODRIGUEZ-SORTO

14

Complaint

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br><br> THE GEO GROUP, INC.; GOLDEN STATE ANNEX; and DOES 1 through 100, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> ALEXIS RODRIGUEZ-SORTO, individual, | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **ELECTRONICALLY FILED** <br><br> 3/20/2025 <br><br> **Kern County Superior Court** <br><br> **By Julia Barrera, Deputy** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Kern Superior Court <br><br> 1215 Truxtun Ave. <br> Bakersfield, CA 93301 | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> BCV-25-100994 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Raymond Ghermezian, Esq., 8383 Wilshire Blvd., Suite 1030, Beverly Hills, CA 90211; (323) 900-5800.

| DATE: <br> *(Fecha)* | 3/20/2025 | TARA LEAL | Clerk, by <br> *(Secretario)* _____ | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* GOLDEN STATE ANNEX

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒☒ other *(specify):* 415.95 (business organization, form unknown)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Raymond Ghermezian, Esq. (198777)<br>8383 Wilshire Blvd., Suite 1030<br><br>TELEPHONE NO.: 323-900-5800    FAX NO.: 323-900-5801<br>EMAIL ADDRESS:<br>ATTORNEY FOR (Name): Alexis Rodriguez-Sorto | **ELECTRONICALLY FILED**<br>3/18/2025 11:52 AM<br>Kern County Superior Court<br>By Alexandra Valles, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
 STREET ADDRESS: 1215 Truxtun Ave.
 MAILING ADDRESS:
 CITY AND ZIP CODE: Bakersfield, CA 93301
 BRANCH NAME: Civil

CASE NAME:
 Alexis Rodriguez-Sorto v. The GEO Group, Inc., et. al.

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $35,000)   $35,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BCV-25-100994 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 18, 2025

Raymond Ghermezian, Esq.

_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>**BAKERSFIELD COURT**<br>**1215 TRUXTUN AVENUE**<br>**BAKERSFIELD CA 93301** | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>MARCH 19, 2025<br>BY *Alexandra Valles* DEPUTY |

| | |
|---|---|
| **PLAINTIFF/PETITIONER:**<br> **ALEXIS RODRIGUEZ-SORTO**<br>**DEFENDANT/RESPONDENT:**<br> **THE GEO GROUP, INC.**<br> **GOLDEN STATE ANNEX** | |
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br>**NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>BCV-25-100994 |

By order of the presiding judge, the above entitled case is assigned to the Honorable Bernard C. Barmann, Jr for all purposes. It will be managed on the direct calendar program in Bakersfield Division H until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **July 08, 2025** in **Bakersfield Division H** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Bernard C. Barmann, Jr on **September 15, 2025** at **8:30 AM** in **Bakersfield Division H**. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**Your attention is directed to the California Rules of Court and the Code of Civil Procedure provisions regarding mandatory expedited jury trial procedures, specifically CRC Rules 3.1546, et seq., and CCP §630.20, et seq.**

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT: You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form (California Rules of Court, Rule 3.221).**

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

**TARA LEAL**
CLERK OF THE SUPERIOR COURT

Date: March 19, 2025

By: _____
Signed: 3/19/2025 2:16:49 PM
Alexandra Valles, Deputy Clerk

Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 1 of 4

RODRIGUEZ-SORTO VS THE GEO GROUP, INC. ET AL
BCV-25-100994

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Bernard C. Barmann, Jr as monitoring judge.

Judge Bernard C. Barmann, Jr has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division H.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460. Tentative rulings are not provided in advance of the hearing.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Pursuant to Local Rule 3.2.1. a party wishing to appear remotely in any civil proceeding other than an evidentiary hearing or trial, including conferences and law and motion hearings, is permitted to appear without advance notice to the court or other parties. By appearing remotely those persons will be deemed to have requested a remote appearance. Instructions for accessing Remote Court Hearings can be found on the court's website. Each judicial officer retains the discretion to require a party to appear in person at a conference, hearing, or proceeding, as authorized by Code of Civil Procedure section 367.75. Remote proceedings for evidentiary hearings or trials in all divisions shall be noticed and conducted as authorized by Code of Civil Procedure section 367.75 and California Rules of Court, rule 3.672.

The Court does not provide court reporters for civil matters. Parties wishing to have a matter reported must provide their own reporter. The court maintains a list of pre-approved official reporters pro tem. Your preferred reporter can be added to this list. Information regarding the court's list is on the court's website.

Another judge will hear settlement conferences in cases assigned to Judge Bernard C. Barmann, Jr. However, those cases that do not settle will be set for trial before him/her.

RODRIGUEZ-SORTO VS THE GEO GROUP, INC. ET AL
BCV-25-100994

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES**

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

RODRIGUEZ-SORTO VS THE GEO GROUP, INC. ET AL

BCV-25-100994

## CERTIFICATE OF SERVICE

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, that I am not a party to the within action and that my business address is 1215 Truxtun Avenue Bakersfield CA 93301, that I served the **Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference** attached hereto on all interested parties and any respective counsel of record in the within action, following standard Court practices, by: (a) enclosing true copies thereof in a sealed envelope(s) with postage fully prepaid and depositing/placing for collection and delivery in the United States mail at Bakersfield, California; and/or (b) enclosing true copies thereof in a Kern County interoffice envelope(s) and placing for collection and delivery; and/or (c) by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (www.kern.courts.ca.gov); and/or (d) electronically transmitting true copies thereof by electronic service or e-mail. Service address(es) are indicated on the attached service list.

Date of Service:          March 19, 2025

Place of Service:         Bakersfield, CA

Sent from electronic service address:          donotreply@kern.courts.ca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TARA LEAL**
CLERK OF THE SUPERIOR COURT

Date: March 19, 2025

Signed: 3/19/2025 2:18:49 PM

By:          _____

Alexandra Valles, Deputy Clerk

## SERVICE LIST

RAYMOND GHERMEZIAN
RAYMOND GHERMEZIAN PROFESSIONAL LAW CORPORATION
8383 Wilshire Boulevard Suite 1030
BEVERLY HILLS CA 90211
raymond@ghermezianlaw.com

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4

# EXHIBIT B

## Case Information

BCV-25-100994 | RODRIGUEZ-SORTO VS THE GEO GROUP, INC. ET AL

| Case Number | Court | Judicial Officer |
|---|---|---|
| BCV-25-100994 | B-Civil | Barmann, Bernard C., Jr. |
| File Date | Case Type | Case Status |
| 03/18/2025 | 23-CV Other PI/PD/WD - Civil Unlimited | Pending |

## Party

Plaintiff
RODRIGUEZ-SORTO, ALEXIS

Active Attorneys ▾
Lead Attorney
GHERMEZIAN, RAYMOND
Retained

Defendant
THE GEO GROUP, INC.

Defendant
GOLDEN STATE ANNEX

Defendant
GOLDEN STATE ANNEX

Defendant
THE GEO GROUP, INC.

## Events and Hearings

03/18/2025 Complaint

03/18/2025 Civil Case Cover Sheet (CM-010)

03/19/2025 Electronic Rejection Notice ▾

Rejection/Correction Notice

Comment
Summons does not conform exact to Complaint. Please review Party information (including DOES information).

03/19/2025 Order to Show Cause ▾

Notice of Assignment and OSC re CRC 3110 and CMC (N18C)

Comment
Re: 3.110 Hearing Date: 07/08/2025 Hearing Time: 8:30 AM Hearing Department/Division: H

03/19/2025 Civil and Small Claims Documents ▾

Served
04/07/20251:24 PM

Unserved

03/20/2025 Summons Issued and Filed

04/10/2025 Proof of Service - Summons / Complaint ▾

Comment
as to The Geo Group Inc. via personal service

04/28/2025 Electronic Rejection Notice ▾

Rejection/Correction Notice

Comment
re; Proof of Service Golden State Annex

07/08/2025 Order to Show Cause - CRC 3.110 ▾

Notice of Assignment and OSC re CRC 3110 and CMC (N18C)

Judicial Officer
Barmann, Bernard C., Jr.

Hearing Time
8:30 AM

09/15/2025 Case Management Conference ▾

Notice of Assignment and OSC re CRC 3110 and CMC (N18C)

Judicial Officer
Barmann, Bernard C., Jr.

Hearing Time
8:30 AM

## Documents

Rejection/Correction Notice

Notice of Assignment and OSC re CRC 3110 and CMC (N18C)

Rejection/Correction Notice

**DECLARATION OF SUSAN E. COLEMAN**

I, SUSAN E. COLEMAN, declare as follows:

1.      I am an attorney at law duly authorized to practice before all the courts of the State of California.  I am also authorized to practice in United States District Court, Southern District of California.  I am a partner in the law firm of Burke, Williams and Sorensen, LLP, attorneys of record herein for defendant THE GEO GROUP, INC., ("defendant") herein.  I am completely familiar with all the files, facts and pleadings in this case, and, if called upon as a witness, I could and would competently testify to the following facts based upon my own personal knowledge or based upon information and belief.

2.      I am the attorney responsible for representing defendant THE GEO GROUP, INC., in the above-entitled action now pending in Kern County Superior Court.  I am also responsible for representing defendant GEO, in this case, if it is allowed to be removed to federal court.

3.      On April 14, 2025, defendant THE GEO GROUP, INC., was served with the Complaint, Civil Case Cover Sheet, Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of and Case Management Conference.  This service was made at GEO's Golden State Annex Facility in McFarland, California, rather than its corporate headquarters.  Plaintiff's counsel did not fill out a proof of service.  A copy of the Summons and Complaint, and all documents GEO received from plaintiff that are required to be attached by applicable law are attached hereto as Exhibit "A."

4.      Attached hereto as Exhibit "B" is a true and correct copy of the Court's Register of Actions, listing all documents filed in the Superior Court.

5.      The responsive pleading deadline is May 14, 2025.  Thus, THE GEO GROUP, INC., has removed the case within the thirty day period after service.  A true and correct copy of the email notifying me of Service of Process on GEO is attached hereto as Exhibit "C".

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4911-2654-7255 v1

3

DEFENDANT THE GEO GROUP, INC.'S
NOTICE OF REMOVAL, DECL. S. COLEMAN

6. The incident alleged in the Complaint occurred in McFarland, California, within Kern County, in the venue of the Eastern District. Plaintiff and his counsel both reside within California, and THE GEO GROUP, INC., is incorporated in and has its principal place of business in Boca Raton, Florida.

7. No other defendants are named (other than "Does") in the Complaint. While Plaintiff names the Golden State Annex, this is a Facility/location of GEO and not a separate business entity. Thus, there is complete diversity jurisdiction.

8. As noted in the Complaint, plaintiff seeks general and special damages, including medical related expenses, pain and suffering, physical injuries, and related damages, "according to proof," in addition to costs of suit. I am informed and believe that Plaintiff seeks damages well in excess of $75,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of May, 2025, at San Diego, California.


                                    *s/ Susan E. Coleman*
                                    Susan E. Coleman

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4911-2654-7255 v1

4

DEFENDANT THE GEO GROUP, INC.'S
NOTICE OF REMOVAL, DECL. S. COLEMAN

# EXHIBIT C

## van Daalen Wetters, Dee

| | |
|---|---|
| **From:** | Judy Grant <jgrant@geogroup.com> |
| **Sent:** | Tuesday, April 15, 2025 9:59 AM |
| **To:** | Coleman, Susan E. |
| **Cc:** | Farieza Juman; Diane Lincoln; John Milano, Jr. |
| **Subject:** | Rodriguez, Sorto. Alexis-Golden State-Lawsuit-2025-100994-571055 |
| **Attachments:** | 4-14-25 LAWSUIT-2025-100994-Sorto.pdf |

[EXTERNAL]

Susan,

Attached please find attorney represented lawsuit served at the facility on 4/14/25.

**Judy Grant**
ADMINISTRATIVE ASSISTANT, LEGAL DEPARTMENT

**The GEO Group, Inc.** ®
4955 Technology Way
Boca Raton, Florida 33431

Tel: 561 999 7512 • Fax: 561 999 7642

jgrant@geogroup.com
www.geogroup.com

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify by replying to this email.

1